IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TONY HOBBS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:19-CV-47-L-BH** |
| | § | |
| | § | |
| **KYLE WARREN; CITY OF GARLAND;** | § | |
| **and CITY OF MESQUITE,** | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER</u>

On February 10, 2020, the Findings, Conclusions and Recommendation of the United States

Magistrate Judge ("Report") (Doc. 59) was entered, recommending that the court grant the following

motions and dismiss with prejudice the claims against the City of Mesquite and City of Garland: (1)

Defendant The City of Mesquite's 12(b)(6) Motion to Dismiss First Amended Complaint (Doc. 42),

filed June 21, 2019; and (2) the City of Garland's Motion to Dismiss Plaintiff's First Amended

Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 48), filed June 27, 2019.  With respect to both

motions, the magistrate judge determined that Plaintiff Tony Hobbs ("Plaintiff" or "Hobbs") failed

to plead sufficient facts to support each of the elements of a claim for municipal liability under 42

U.S.C. § 1983.  No objections to the Report were filed.

Having reviewed the motions, briefs, pleadings, file, record in this case, and Report, the court

determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them

as those of the court. Accordingly, the court **grants** Defendant The City of Mesquite's 12(b)(6)

Motion to Dismiss First Amended Complaint (Doc. 42); **grants** the City of Garland's Motion to

Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 48); and **dismisses with prejudice** all municipal liability claims brought by Plaintiff pursuant to 42 U.S.C. § 1983 against the City of Mesquite and City of Garland.

The court also **denies** Plaintiff's request to amend his pleadings.  The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation.  The decision to allow amendment of a party's pleadings is within the sound discretion of the district court.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted).  In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."  *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

Although Hobbs requested to amend his pleadings in response to both motions to dismiss, he did not explain how he would cure the deficiencies noted in the two motions; nor did he file objections to the Report to explain how he would cure the deficiencies identified by the magistrate judge.  Plaintiff was also allowed to amend his pleadings after the first round of motions to dismiss were filed.  When a plaintiff has previously amended his pleadings, "[a]t some point, a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Jacquez v. Procunier*, 801 F.2d 789, 792-93 (5th Cir. 1986); *see also Schiller*, 342 F.3d at 567 (citation omitted). Plaintiff has failed to state a valid cause of action against the City of Garland and City of Mesquite despite being

Order – Page 2

allowed to amend his pleadings.  The court, therefore, determines that he has had a fair opportunity

to make his case against the City of Garland and City of Mesquite and has pleaded his "best case,"

such that further amendment would be futile and unnecessarily delay the resolution of this litigation.

Accordingly, dismissal is appropriate, and Plaintiff will not be given another opportunity to amend

his pleadings.

**It is so ordered** this 22nd day of May, 2020.


Sam A. Lindsay
United States District Judge